# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In Re: | Chapter 7 |
| In Re: Daymark Realty Advisors, Inc.<br>In Re: Daymark Residential Management, Inc.<br>In Re: Daymark Properties Realty, Inc. | Case Nos. 18-23750-SMG,<br>18-23751-SMG &<br>18-23752-SMG<br>(Jointly Administered) |
| Debtors.<br>_____/ | |
| Todd A. Mikles; Etienne Locoh;<br>Sovereign Capital Management Group, Inc.;<br>Sovereign Strategic Mortgage Fund, LLC;<br>Infinity Urban Century, LLC; and GCL, LLC, | Adversary Pro. No. 19-01291-SMG |
| Plaintiffs, | |
| v. | |
| Richard Carlson; Milton O. Brown; Tyrone Wynfield; Dennis Dierenfield; William B. Gilmer; NNN 1600 Barberry Lane 8, LLC; NNN 1600 Barberry Lane 9, LLC; NNN Plantations at Haywood 1, LLC; NNN Plantations at Haywood 2, LLC; NNN Plantations at Haywood 13, LLC; and NNN Plantations at Haywood 23, LLC, | |
| Defendants.<br>_____/ | |

## NOTICE OF APPEAL

Please take notice that Kenneth J. Catanzarite hereby appeals to the United States District

Court for the Southern District of Florida under 28 U.S.C. § 158(a) from the Order Liquidating

and Awarding Compensatory Sanctions (Docket 182) entered on May 8, 2020 by the United

States Bankruptcy Court for the Southern District of Florida (the Honorable Scott M. Grossman).

A copy of the order appealed from is attached hereto as Exhibit A.

The names of all parties to the order appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

| Parties | Attorneys |
| --- | --- |
| Kenneth J. Catanzarite (Appealing Party) | Todd S. Frankenthal<br>Law Offices of Todd S. Frankenthal,<br>One East Broward Boulevard, Suite 700<br>Fort Lauderdale, FL 33301<br>Telephone:  (954) 366-0464<br><br>Kenneth J. Catanzarite<br>Catanzarite Law Corporation<br>2331 West Lincoln Avenue<br>Anaheim, CA 92801<br>Telephone: (714) 520-5544 |
| Richard Carlson; Milton O. Brown; Tyrone Wynfield; Dennis Dierenfield; William B. Gilmer; 1600 Barberry Lane 8, LLC (erroneously sued as NNN 1600 Barberry Lane 8, LLC); 1600 Barberry Lane 9, LLC (erroneously sued as NNN  1600 Barberry Lane 9, LLC); Plantations at Haywood 1, LLC (erroneously sued as NNN Plantations At Haywood 1, LLC); Plantations at Haywood 2, LLC (erroneously sued as NNN Plantations at Haywood 2, LLC); Plantations at Haywood 13, LLC (erroneously sued as NNN Plantations at Haywood 13, LLC); and Plantations at Haywood 23, LLC (erroneously sued as NNN  Plantations at Haywood 23, LLC)    [Interested Parties] | Todd S. Frankenthal<br>Law Offices of Todd S. Frankenthal,<br>One East Broward Boulevard, Suite 700<br>Fort Lauderdale, FL 33301<br>Telephone:  (954) 366-0464<br><br>Kenneth J. Catanzarite<br>Catanzarite Law Corporation<br>2331 West Lincoln Avenue<br>Anaheim, CA 92801<br>Telephone: (714) 520-5544 |
| Todd A. Mikles; Etienne Locoh; Sovereign Capital Management Group, Inc.; Sovereign Strategic Mortgage Fund, LLC; Infinity Urban Century, LLC; and GCL, LLC | Thomas M. Messana<br>MESSANA, PA<br>401 East Las Olas Boulevard, Ste 1400,<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 712-7400<br><br>Adam Kent<br>PROFESSIONAL PARTNERS GROUP, |

|  | LLC<br>895 Dove St Ste 300<br>Newport Beach, CA 92660-2996<br>Telephone: (818) 298-5614 |
|---|---|
| The Debtors (Daymark Realty Advisors, Inc., Daymark Residential Management, Inc., Daymark Properties Realty, Inc.) | Brett D. Lieberman<br>EDELBOIM LIEBERMAN<br>REVAH OSHINSKY PLLC<br>20200 W. Dixie Highway, Suite 905<br>Miami, FL 33180<br>Telephone: (305) 768-9909<br>Facsimile: (305) 928-1114 |
| Chapter 7 Trustee, Chad S. Paiva | Barry P. Gruher<br>GENOVESE JOBLOVE & BATTISTA, P.A.<br>100 Southeast Second Street, 44th Floor<br>Miami, Florida 33131<br>Tel: (305) 349-2300 |
| Office of the United States Trustee | Charles R. Sterbach<br>Assistant United States Trustee<br>Office of the United States Trustee<br>U.S. Department of Justice<br>400 West Washington Street, Ste. 1100<br>Orlando, FL 32801<br>Telephone:  (407) 648-6301 |

Dated:  May 22, 2020

Kenneth J. Catanzarite
Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, CA 92801
(714) 520-5544
kcatanzarite@catanzarite.com
By: /s/ Kenneth J. Catanzarite
CA Bar No. 113750

LAW OFFICES OF TODD S. FRANKENTHAL
LOCAL ATTORNEY

By: /s/ Todd S. Frankenthal
TSKLaw01@bellsouth.net
(954) 356-0464
FBN 350451

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Kenneth J. Catanzarite
Kenneth J. Catanzarite

### Service List for 19-01291

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive email notice/service for this case:

- Kenneth Joseph Catanzarite  kcatanzarite@catanzarite.com
- Todd S Frankenthal  tsflaw01@aol.com, ejacobsonattsflaw@gmail.com
- Thomas M. Messana  tmessana@messana-law.com, emair@messanalaw.com; thurley@messana-law.com; tmessana@bellsouth.net; nbarrus@messanalaw.com; mwslawfirm@gmail.com; cbroussard@messana-law.com; atamburro@messanalaw.com
- Barry P Gruher   bgruher@gjb-law.com, vlambdin@gjb-law.com; gjbecf@gjb-law.com; cesser@gjb-law.com; gjbecf@ecf.courtdrive.com; chopkins@gjb-law.com
- Eric D Jacobs   ejacobs@gjb-law.com, btraina@gjb-law.com, chopkins@gjb-law.com, vlambdin@gjb-law.com, mrodriguez-salva@gjb-law.com

### Non-ECF Service List

Brett D. Lieberman
EDELBOIM LIEBERMAN
REVAH OSHINSKY PLLC
20200 W. Dixie Highway, Suite 905
Miami, FL 33180

Adam Kent
PROFESSIONAL PARTNERS GROUP, LLC
895 Dove St Ste 300
Newport Beach, CA 92660-2996

Charles R. Sterbach
Assistant United States Trustee
Office of the United States Trustee
U.S. Department of Justice
400 West Washington Street, Ste. 1100
Orlando, FL 32801

Exhibit A



**ORDERED in the Southern District of Florida on May 8, 2020.**

*Scott M. Grossman*

**Scott M. Grossman, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| Daymark Realty Advisors, Inc., *et al.*, | Case No. 18-23750-SMG |
| Debtors. | (substantively consolidated) |
| _____/ | |
| Todd A. Mikles, *et al.*, | |
| Plaintiffs, | |
| v. | Adv. No. 19-1291-SMG |
| Richard Carlson, *et al.*, | |
| Defendants. | |
| _____/ | |

### ORDER LIQUIDATING AND AWARDING COMPENSATORY SANCTIONS

This matter came before the Court upon the *Order Granting in Part Motion to Enforce Preliminary Injunction and Imposing Sanctions* (the "Sanctions Order"),[1] the

___
[1] ECF No. 112.

*Plaintiff's Affidavit of Fees Sought as Compensatory Sanctions and Notice of Filing Bill of Particulars* (the "Mikles Affidavits")[2] filed by the Mikles Plaintiffs,[3] the *Notice of Filing Affidavit of Attorney's Fees and Costs Incurred by Chapter 7 Trustee Chad S. Paiva* (the "Trustee's Affidavit"),[4] the *Notice of Late Filing of Paper Pursuant to Local Rule 5005-1(F)(2)* (the "Notice of Late Filing"),[5] with an attached Objection to the Affidavits, filed by Attorney Kenneth J. Catanzarite, and the *Response to Notice of Late Filing and Untimely Filed Joint Objections to Affidavits*[6] filed by the Mikles Plaintiffs.

In the Sanctions Order, the Court awarded compensatory sanctions to the Mikles Plaintiffs and to Chapter 7 Trustee Chad S. Paiva (the "Trustee"), to be paid by Mr. Catanzarite, for attorneys' fees and expenses incurred in connection with responding to the Henkin-Looper Complaint[7] and filing and prosecuting the *Motion to Enforce the Preliminary Injunction and for Sanctions* (the "MTE").[8] The Court

---

[2] ECF No. 118. The Mikles Affidavits consist of affidavits from attorneys Adam T. Kent, Robert K. Sparks, and Thomas M. Messana and his firm Messana P.A..

[3] The Mikles Plaintiffs are Todd Mikles; Etienne Locoh; Sovereign Capital Management Group, Inc.; Sovereign Strategic Mortgage Fund, LLC; Infinity Urban Century, LLC; and GCL, LLC.

[4] ECF No. 128. The Trustee's Affidavit was filed timely pursuant to the Court's *Order Granting Motion to Extend Time* (ECF No. 166).

[5] ECF No. 146.

[6] ECF No. 155.

[7] In violation of the preliminary injunction issued in this adversary proceeding, Mr. Catanzarite filed a Complaint in the Superior Court of California, San Diego County, on behalf of Edward Henkin, Jonmar Partnership, Katherine Looper, Pat McRoberts, Chicago Houston Partners, LLC, William E. Bump, Thomas F. Scheidt, Ellen B. Friedman, Lawrence F. Leventon, and Paul L. Cohen against Mr. Mikles, GCL, LLC, Global Lending Resources, LLC, and Does 1-100. *See* Case No. 37-2019-00059373 (the "Henkin-Looper Complaint").

[8] ECF No. 95.

directed the Mikles Plaintiffs and the Trustee to file, within fourteen days of entry of the Sanctions Order, affidavits of their fees and expenses, and provided Mr. Catanzarite a deadline to object to the affidavits.[9]

The Court entered the Sanctions Order on January 15, 2020.[10] The Mikles Plaintiffs timely filed the Mikles Affidavits on January 29, 2020.[11] The Trustee properly and timely moved for an extension of time to file his affidavit,[12] which the Court granted.[13] The Trustee then timely filed his Affidavit on February 5, 2020.[14] Mr. Catanzarite, however, failed to timely object to either affidavit.[15] He also failed to timely move for an extension of time to object. Instead, on February 25, 2020, Mr. Catanzarite filed his Notice of Late Filing, to which he attached his Objection.[16] His Notice of Late Filing cited Local Rule 5005-1(F)(2)[17] and offered a variety of excuses for missing the deadline, none of which rise to the level of excusable neglect. Mr.

---

[9] Sanctions Order, ¶¶ 9-10.

[10] Although Mr. Catanzarite has appealed the Sanctions Order to the District Court, this Court retains jurisdiction to liquidate the amount of the sanctions as the amount of sanctions is not an issue on appeal. "The filing of a proper notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the appellate court and divests the trial court of its control *over those aspects of the case involved in the appeal*." *In re Walker*, 515 F.3d 1204, 1211 (11th Cir.2008) (emphasis added) (citation omitted); *see also, In re Barnwell Cty. Hosp.*, 491 B.R. 408, 413 (Bankr. D.S.C. 2013) (noting that an appeal does not divest a lower court of jurisdiction over issues not involved in the appeal).

[11] ECF No. 118.

[12] ECF No. 117.

[13] ECF No. 166.

[14] ECF No. 128.

[15] The Sanctions Order required objections to be filed within 7 days after the filing of the affidavits. Sanctions Order, ¶ 10.

[16] ECF No. 146.

[17] As noted by the Court at the hearing in this matter on March 5, 2020, Local Rule 5005-1(F)(2) governs submission of papers in matters *already* set for hearing and has absolutely no applicability to a deadline to file an objection set by a court order.

3

Catanzarite's Objection is therefore untimely, and – as the Court explained at a hearing on March 5, 2020 – will not be considered.

Even though the Court is not considering Mr. Catanzarite's Objection, the Court has carefully reviewed the Affidavits and time records submitted by the Mikles Plaintiffs and the Trustee. The Court finds the Mikles Plaintiffs' attorneys' fees of $49,020.50[18] were properly incurred in connection with responding to the Henkin-Looper Complaint and filing and prosecuting the MTE, and are not excessive. The Court will therefore award $49,020.50 to the Mikles Plaintiffs as compensatory sanctions.

As to the Trustee, certain time entries include time for both main case issues as well as the pertinent issues in this adversary proceeding.[19] The Court does not fault the Trustee's counsel for failing to separate these time entries. At the time, the Trustee could not have known that the Court was going to award him fees in connection with the Henkin-Looper Complaint and the MTE. Nevertheless, because the Court is unable to determine which portion of the following entries may be

---

[18] This amount included an estimated 10 hours of work on preparing and filing the Mikles Affidavits. Noting that Mr. Catanzarite failed to timely object to these fees, the Court finds this fee estimate to be reasonable considering the detailed nature of the Mikles Affidavits.

[19] The Trustee is not a party to this adversary proceeding. But in light of the pending settlement motion in the main bankruptcy case and the intent of the injunctive relief in this adversary proceeding – to maintain the status quo pending the hearing to consider approval of that settlement – the Court found it appropriate to compensate the bankruptcy estate, in addition to the Mikles Plaintiffs, for any attorneys' fees and expenses incurred in connection with this matter. Sanctions Order at 12, n.15.

attributable to the Henkin-Looper Complaint and the MTE, the Court will exercise its discretion and award only 50% of the fees billed for the following time entries:

| Date | Lawyer | Work Description | Time | Rate | Value |
|---|---|---|---|---|---|
| 12/03/19 | CBH | Preparation of hearing notebook for status conference on 12/5/19; schedule E. Jacobs for courtcall appearance; review of hearing in Mikles case; update notebook. | 1.30 | 195.00 | 253.50 |
| 12/05/19 | BPG | Preparation for and attendance at hearings on Order Setting Status Conference on Order Taking Motion to Establish Procedures Under Advisement, Setting Deadlines, and Postponing Hearing on Motion to Approve Settlement and Motion to Enforce Preliminary Injunction and for Sanctions and (2.0); Interoffice conferences with E. Jacobs, J. Delgado and Trustee re :preparation for hearings in connection with Motion to Approve Settlement Motion and Establishing Notice Procedures and Motion to Enforce Preliminary Injunction and for Sanctions (.5). | 2.50 | 525.00 | 1,312.50 |

031/General Litigation

| Date | Lawyer | Work Description | Time | Rate | Value |
|---|---|---|---|---|---|
| 12/11/19 | JAD | Attended Status Conference and hearing on injunction violation. | 1.10 | 265.00 | 291.50 |

| Date | Lawyer | Work Description | Time | Rate | Value |
|---|---|---|---|---|---|

001/ Asset Analysis and Recovery

| Date | Lawyer | Work Description | Time | Rate | Value |
|---|---|---|---|---|---|
| 12/04/19- | EJ | Attention to file in preparation for hearing on status conference and injunction motion (.7). | 0.70 | 425.00 | 297.50 |
| 12/05/19 | EJ | Prepare for and participate 1n hearing on status conference and sanctions for Violating 1n]unct1on (2.6). Post hearing analysis call wtih Barry Gruher (. 3). | 2.90 | 425.00 | 1,232.50 |

005/Case Administration

The remainder of the Trustee's counsel's time entries, however, are appropriately related to the Henkin-Looper Complaint and the MTE, and are not duplicative. Accordingly, and pursuant to the Sanctions Order, the Court will award the Trustee $11,639.25 in attorneys' fees as compensatory sanctions.

Therefore, for the reasons discussed in detail above and in accordance with the Sanctions Order, it is

**ORDERED** that:

1. The Mikles Plaintiffs are awarded $49,020.50 as compensatory sanctions for attorneys' fees incurred in connection with the Henkin-Looper Complaint and filing and prosecuting the MTE.

5

2. The Trustee is awarded $11,639.25 as compensatory sanctions for attorneys' fees incurred in connection with the Henkin-Looper Complaint and the MTE.

3. Mr. Catanzarite must pay $49,020.50 to the Mikles Plaintiffs within fourteen days of the entry of this Order.

4. Mr. Catanzarite must pay $11,639.25 to the Trustee within fourteen days of the entry of this Order

### ###

Copies furnished to:

All interested parties